[Civ. No. 26462. Second Dist., Div. Two. Mar. 22, 1963.]

MARGIE JANE TUCKER, Plaintiff and Respondent, v. STANLEY VICTOR TUCKER, Defendant and Appellant.

Stanley V. Tucker, in pro. per., for Defendant and Appellant.

Robert S. Butts for Plaintiff and Respondent.

ASHBURN, J.—This appeal presents the question of the propriety of an award of a wife's attorney fee in a proceeding arising after entry of judgment of divorce.

The wife made a motion that defendant husband be held in contempt for violation of the custody order set forth in the judgment, as modified. The husband countered with a motion for modification of the custody and support provisions of the decree and that plaintiff be found in contempt. The motions came on together. Defendant was found guilty of contempt and sentenced to three days in jail, but sentence was suspended on condition that he return the children to plaintiff's custody. Defendant's motion was dismissed upon plaintiff's application. The order made by the court on May 11, 1961, which disposed of these matters, also ordered defendant to pay to counsel for plaintiff "for services herein" the sum of $150 in installments. Of course, this award covered services upon both motions. Defendant appealed from same.

Plaintiff moved this court for dismissal of the appeal on December 13, 1962, based on the fact that the record was incomplete. The court dismissed the appeal as to the contempt phase of the order, which is not appealable. (Code Civ. Proc., § 1222; *Tripp* v. *Tripp,* 190 Cal. 201, 202 [211 P. 225].) The motion to dismiss was denied as to the award of attorney fee.

Defendant claims that error was committed in that plaintiff did not make a showing of necessity that defendant pay her attorney fees in order for her to prosecute her suit. "These allowances are not a matter of absolute right. They

may be granted in the sound discretion of the trial court, but section 137 [now Civ. Code, § 137.3] does not empower the court to award temporary support and suit money except upon a finding of necessity. . . . If she possesses independent means sufficient for these purposes the allowances should not be granted. (*Mudd* v. *Mudd, supra* [98 Cal. 320 (33 P. 114)].)" (*Loeb* v. *Loeb*, 84 Cal.App.2d 141, at p. 144 [190 P.2d 246].)

■ "The motion for the allowance of counsel fees and costs in a divorce action is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal. [Citation.]

■ It is likewise settled that the trial court is under no duty to require the wife to exhaust her separate capital before ordering the husband to pay her costs and attorney's fees on appeal from a decree in a divorce action." (*Primm* v. *Primm*, 46 Cal.2d 690, at p. 696 [299 P.2d 231].)

■ Plaintiff generally stated the ultimate facts in her affidavit for Order to Show Cause, saying that: "I am without sufficient funds to pay attorney's fees and costs in connection with this proceeding and to oppose the Defendant's Order to Show Cause set for the same time. Defendant is well able to pay attorney's fees and costs and I request that he be ordered to do so." Plaintiff does not set forth the evidentiary facts from which the ultimate facts may be derived. There is evidence by way of defendant's affidavits in the record that plaintiff has ample funds with which to prosecute her suit, but there is no affirmative evidence in the record other than the general allegation that plaintiff needed funds with which to prosecute her suit. However, rule 52 of the California Rules of Court* provides: "On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption [that the record includes all matters material to a determination of the points on appeal] shall not apply unless the error claimed by appellant appears on the face of the record."

The attorney fee was awarded during proceedings after judgment of divorce—motion for modification of the decree brought by the defendant and Order to Show Cause why defendant should not be held in contempt brought by plaintiff; both the motion and Order to Show Cause were heard at the same time. Defendant does not contend that there was not a statutory basis for the award of the attorney fee (see

---

*Formerly Rules on Appeal, rule 52.

Civ. Code § 137.3), but simply that there was no showing of necessity made by plaintiff.

Here the error does not appear on the face of the record, which consists of the clerk's transcript only. The minutes of said August 11 show that oral testimony was given by both the plaintiff and defendant at the hearing. The space provided in the form for insertion of name of reporter was left blank and that raises a fair inference that no court reporter was present. Defendant's appeal is on the judgment roll alone. Defendant attempted to bring this appeal on a "settled statement," but it was stricken from the record by the trial court pursuant to motion by plaintiff.

In the absence of a "settled statement" or other record disclosing the oral evidence given at the hearing, this court must presume that a showing of plaintiff's necessity was made at the hearing and hence that the order is valid. "[I]f the record is so imperfect that the reviewing court cannot ascertain whether the trial court's rulings were erroneous, it will be presumed that they were correct." (4 Cal.Jur.2d, Appeal and Error, § 559, p. 427; *Lerno* v. *Obergfell,* 144 Cal.App.2d 221, 223-224 [300 P.2d 846].)

No abuse of discretion is shown. The order appealed from is affirmed.

Fox, P. J., and Herndon, J., concurred.