[Civ. No. 21153. First Dist., Div. Three. Jan. 30, 1964.]

THELMA L. HAMMEL, Plaintiff and Respondent, v. ADOLPH LINDNER, Defendant and Appellant.

428

Kilday, Nemer, Farbstein & Green and James S. Green for Defendant and Appellant.

Crist, Peters, Donegan & Brenner and John F. Marshall for Plaintiff and Respondent.

DEVINE, J.—Defendant and cross-complainant appeals from an order setting aside an order dismissing respondent's complaint and setting aside default and default judgment which had been entered for appellant on appellant's cross-complaint. The default and dismissal had been granted because of failure of plaintiff and cross-defendant to answer

certain interrogatories. The motion was to set aside the default judgment only, but the purpose was to obtain complete relief, and the superior court treated the motion as one to relieve from the default as well as from the default judgment. The motion was made more than six months after the default, which had occurred on September 5, 1961, and therefore is not grounded on section 473 of the Code of Civil Procedure, but is addressed to the equity jurisdiction of the court to relieve from extrinsic fraud and extrinsic mistake. The order appealed from decreed that judgment for the cross-complainant be set aside, that the default be set aside, and that plaintiff and cross-defendant be granted permission to file her complaint (which had been stricken), to answer the cross-complaint, and to file proposed answers to interrogatories.[1]

Appellant contends that the affidavit upon which the order appealed from was made consists, in its essential part, of hearsay; and appellant further contends that even considering this hearsay in support of the order, it is insufficient.

There is, indeed, hearsay, namely, the statement by respondent's later counsel of what had been told him by respondent's former counsel. This hearsay is essential evidence to support the setting-aside order, because everything else in the affidavit by respondent's later (and present) counsel relates to his own and his client's activity after the default and judgment had become known to respondent. The hearsay is this: that there had been a motion by appellant to compel respondent to answer interrogatories, and if she did not answer, to enter respondent's default and to dismiss her complaint; that appellant's counsel had agreed with respondent's then counsel to contact the court to continue the matter and to inform said respondent's counsel of the date when the matter would be set for hearing; that appellant's counsel failed to notify respondent's counsel of the date set for hearing, and that the latter had no knowledge of the default until March 1, 1962.

---

[1]Besides failing to answer interrogatories, respondent's former counsel failed to answer the cross-complaint and appellant makes some mention of this. However, this is not stated as one of the issues in appellant's brief. Nor does it seem to have been an issue in the trial court. If it had been an issue, briefing would have to be had on the question whether the cross-action was truly a cross-complaint, requiring an answer, or a counterclaim, to which no answer would be required. (2 Witkin, Cal. Procedure, § 570, p. 1576.)

Respondent, too, learned of the judgment which had been taken against her on March 1, 1962, about five days before the expiration of the time to apply for relief under section 473. She engaged new counsel at once. The new counsel moved to set aside the former order and the judgment, and filed answers to the interrogatories and filed his own affidavit, described above, containing the hearsay which also was described. However, at the time the motion was filed, the six-month period had expired. On March 15, 1962, shortly after the expiration of this period, appellant took the first formal action to enforce the judgment he had obtained by default, by filing the action against the surety company which had filed an undertaking on attachment on behalf of respondent.

In opposition to the motion, appellant's attorney filed an affidavit in which he stated, in respect of hearsay: "Affiant submits that the statements set forth in the affidavit of Frank Lee Crist are hearsay and that in fact the motion to strike plaintiff's complaint and answer was continued by mutual stipulation for one two weeks' period." The affidavit of appellant's counsel contained, besides the quoted excerpt relating to hearsay, the following statement of facts: "Said motion [to compel interrogatories] was granted by stipulation of the attorneys with twenty (20) days given to Dennis L. Woodman and Thelma L. Hammel to answer said written interrogatories. On or about June 13, 1961 the order granting said motion was mailed to Dennis Woodman, Esq. On July 7, 1961 affiant filed a motion to strike complaint and answer to cross-complaint of Thelma L. Hammel for failing to answer written interrogatories, under the provisions of section 2034, Code of Civil Procedure. Said motion was scheduled for Thursday, July 13, 1961 and continued by stipulation of the parties for two weeks. Thereafter said motion was submitted to the Honorable Frank W. Rose for decision. The Honorable Frank W. Rose informed affiant that he would not make a decision without talking with Dennis L. Woodman and thereafter the Honorable Frank W. Rose informed affiant that Dennis L. Woodman had promised to send in the answers to the written interrogatories. Said matter remained under submission until September 5, 1961 at which time the Honorable Frank W. Rose rendered his decision by Memorandum Opinion:

"Motion for order striking complaint and answer to cross-complaint of Thelma L. Hammel and motion for entry of default granted.'

"Copies of said order were mailed to Kilday, Nemer &

Green and Dennis L. Woodman. Said memorandum decision was received in affiant's office on September 6, 1961.

"The order striking complaint and answer to cross-complaint and the entry of default was filed and entered on September 12, 1961."

The former attorney for respondent, Mr. Woodman, filed a brief affidavit, stating only "that a judgment by default, upon failure to furnish answers to interrogatories was entered herein, and that the only notice furnished to affiant was the notice of entry of judgment received on or about the 3rd day of April, 1962."

■ The mere declaration in the affidavit of appellant's counsel that the statements in respondent's affidavit are hearsay does not constitute an objection to the admissibility of respondent's counsel's affidavit, in whole or in part. The declaration is not in form an objection to admissibility nor is it in form a motion to strike. ■ When admitted without objection, incompetent statements included in an affidavit in support of a motion to vacate a default become competent evidence. (*Johns* v. *Curry*, 189 Cal.App.2d 94, 98-99 [10 Cal. Rptr. 882] ; *Vartanian* v. *Croll*, 117 Cal.App.2d 639, 647-648 [256 P.2d 1022].)

Moreover, appellant's counsel's affidavit is not specific as to which part of his adversary's affidivit is claimed to be hearsay, and parts of it plainly are not hearsay. ■ Where evidence offered is in part admissible and in part inadmissible, and an objection is made to the evidence in its entirety and is not specifically directed to the inadmissible portion, the objection is insufficient, and there is no error in admitting the entire evidence offered. (*Shatto* v. *Crocker*, 87 Cal. 629, 631 [25 P. 921] ; *People* v. *Romano*, 197 Cal.App.2d 622, 637 [17 Cal.Rptr. 399].) ■ It follows, therefore, that if appellant failed to make an objection adequately specifying the inadmissible portion of Crist's affidavit, the entire affidavit became competent evidence which could be considered in support of the order appealed from.

The reference to hearsay in affidavits submitted by appellant's counsel is subject to the construction that affiant, appellant's counsel, meant merely to urge that the hearsay was of less probative value than personal declarations would have been, and that appellant's counsel, having made this observation, was content to meet the hearsay with his own affidavit.

■ To the extent that there are factual conflicts created by the affidavits, the rule is the same as that governing oral

testimony, namely, that it is primarily for the lower court to determine the credibility of affiants and the weight of their averments, and its determination is rarely disturbed on appeal. (*Davis* v. *Davis*, 185 Cal.App.2d 788, 792 [8 Cal.Rptr. 874].)

However, an analysis of the affidavit of appellant's counsel shows little direct conflict with the statements (hearsay, but, as stated above, admissible for failure to object properly) of respondent's counsel:

1. It is stated in the affidavit on behalf of respondent that her former counsel had been promised that he would be notified if the motion to dismiss were brought on for hearing, and that he was not so notified by opposing counsel. Nowhere in the affidavit on behalf of appellant is this flatly denied. It is true that the affidavit filed on behalf of appellant says that the motion to strike plaintiff's complaint and answer was continued by mutual stipulation for one two-week period from July 13, 1961. This is not inconsistent with a promise to notify one's adversary of the date of actual hearing as distinguished from a mere continuance. As a matter of fact, the hearing was not two weeks from July 13, but was on August 24, 1961.

There is also a statement that the judge informed affiant that he would not render a decision without talking to respondent's counsel. This is quite consistent with the proposition that respondent's counsel was not present at the hearing, which in turn is consistent with the proposition that he had been promised that he would be informed thereof. Further evidence that counsel for respondent was not present at the hearing appears from the minute order, which refers only to attorneys for defendant on the date the motion was heard; and further evidence appears again in the direct recitation in the written order of September 12, 1961, causing default and dismissal, that counsel for the moving party appeared and that no one appeared for plaintiff and cross-defendant.

2. Next, the affidavit submitted on behalf of appellant states that Judge Rose later told affiant that his opponent had promised to send in answers to interrogatories. This, too, is hearsay, presented this time by appellant; but apparently it was not met by objection or motion to strike, and it is to be considered, therefore, just as respondent's hearsay was considered. The statement is by no means conclusive. It is not stated when Judge Rose had his conversation with counsel, whether before or after the hearing. There is no statement that the judge told counsel that hearing had been held. There

is no statement that the judge set a time at which dismissal would occur if the interrogatories were not answered. There is no statement of knowledge or lack of knowledge on the part of the judge of the asserted promise that counsel would be notified of the hearing.

There is a further statement in the affidavit of appellant's counsel that "thereafter" (it is not clear whether the "thereafter" means after the motion to strike the pleadings had been noticed, or after it had been continued by mutual stipulation) Woodman promised to file answers to the interrogatories promptly, and that thereafter there was never any agreement to keep continuing the matter, and that Woodman was informed by affiant and by the court that "said motion would be decided unless the answers to the written interrogatories were promptly filed." It will be noted, however, that when this declaration is scrutinized with a critical eye, as it should be in support of the order lifting the default, it does not necessarily constitute a denial of the asserted promise to inform counsel of the hearing. There is no outright declaration that Woodman was informed that the hearing had been held. Although the declaration that the court would decide the motion unless interrogatories were answered promptly might lead to the inference that the motion had been heard, it does not necessarily produce this inference. The declaration is also subject to the inference that counsel for respondent was still protected by the promise that he would be informed when there was to be an actual hearing which would precede a decision, and that whatever was said to counsel for respondent by his adversary or by the judge was by way of stirring him into action.

It does not follow from an admonition that the motion would be "decided," that the decision would be an unconditional and immediate striking of the pleadings.

Summing up, there is no express denial in the affidavit produced for appellant of the asserted promise and no conclusive evidence that respondent's counsel had knowledge of the actual hearing and of the impending fate to his case.

3. The next statement in the affidavit is that copies of the decision were sent to attorneys for both parties, appellant's counsel receiving his copy on September 6, 1961. This, too, would seem to be hearsay or a conclusion of affiant. Obviously, affiant had not mailed the copies. Perhaps his conclusion is drawn from the fact that he received a copy. It does not follow, however, that his adversary received one. Indeed,

from the fact that the minute order at the time of submission and the order for dismissal and default referred only to counsel for appellant, the latter order expressly stating that no one had appeared for respondent, it would seem quite likely that the copy had been sent only to counsel named therein. Since the affidavits of both of respondent's counsel, her former one and her present one, deny knowledge by the former attorney of the default or of the judgment until March or April 1962, the trial judge very reasonably could conclude that the default and dismissal had resulted from an original promise on the part of affiant's counsel to give notice of the hearing, and of failure of counsel, even by inadvertence, to keep the promise.

At oral argument on appeal, counsel for appellant made a point of the fact that the essential part of respondent's case, the asserted promise, is omitted from the promisee's own affidavit and appears only in the affidavit of his successor as counsel for respondent. This, however, goes only to the weight of the matter, which was for the trial court. If proper and specific objection had been made to that part of the affidavit of present counsel which is hearsay, perhaps additional declarations would have been supplied in the superior court by a supplemental affidavit of her former counsel.

Respondent invokes, in support of the order, rule 52 of California Rules of Court and the case law interpreting this rule. The rule provides: "If a record on appeal does not contain all of the papers, records and oral proceedings, ... it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record."

If the record (in this case, the pleadings, the notice of motion, the affidavits, and the orders of the court) does not show error on its face, and evidence was taken which is not before the appellate court, all presumptions are made in support of the order, as was the case before the adoption of rule 52. (*Dumas* v. *Stark,* 56 Cal.2d 673, 674 [16 Cal.Rptr. 368, 365 P.2d 424]; *Pfleg* v. *Pfleg,* 168 Cal.App.2d 53 [335 P.2d 131]; *Tucker* v. *Tucker,* 214 Cal.App.2d 337 [29 Cal. Rptr. 481].) In this case, other evidence was taken, as shown by the clerk's minutes, namely, testimony of respondent. Ap-

pellant argues that this could not have related to the essence of respondent's motion to lift the default, namely, the asserted promise to inform counsel of the hearing. This does not follow. Respondent may have testified that she was present when counsel conversed and heard the promise made. A promise may have been made to respondent personally, or she, too, may have given hearsay testimony to which no objection was made. We simply cannot know, in the absence of a transcript. ▮ A short record serves an appellant well if it discloses error on its face; but if it does not, it behooves appellant to show the error aliunde.

▮ When an extrinsic factor is present (in this case, the promise), the favor of the law for trial on the merits is to be weighed among all of the factors which are before the trial judge. (*Corey* v. *Weerts*, 214 Cal.App.2d 416, 422 [29 Cal. Rptr. 533] ; *Davis* v. *Davis*, *supra*, 185 Cal.App.2d 788, 794.)

▮ No showing of prejudice was made by appellant, so far as the record shows, and this is a factor which adds support to the order. (*Turner* v. *Allen*, 189 Cal.App.2d 753, 759 [11 Cal.Rptr. 630] ; *Hill* v. *Johnson*, 194 Cal.App.2d 779, 782 [15 Cal.Rptr. 236]. We observe that the order lifting the default required plaintiff and cross-defendant herein to pay to attorneys for defendant and cross-complainant $375 plus actual costs.

▮ It is also to be considered, as an element of lulling respondent, in addition to the promise, that appellant refrained from taking action on the judgment he had obtained by default until a few days after the six-month limitation of section 473 had expired. (*Hallett* v. *Slaughter*, 22 Cal.2d 552, 556 [140 P.2d 3] ; *Bartell* v. *Johnson*, 60 Cal.App.2d 432, 437 [140 P.2d 878].)

▮ Abuse of discretion in this type of case must be shown by appellant. (*Watson* v. *Watson*, 161 Cal.App.2d 35 [325 P.2d 1011].) We find no such abuse.

Order affirmed.

Draper, P. J., and Salsman, J., concurred.