[Civ. No. 33109. Second Dist., Div. One. Mar. 28, 1969.]

HOMER D. BAILEY, as Administrator With the Will Annexed, etc., Plaintiff and Appellant, v. WILLIAM ROBERTS, Defendant and Respondent.

Leo Shapiro for Plaintiff and Appellant.

Ellis & Sloan and Lyle C. Ellis for Defendant and Respondent.

THOMPSON, J.—

### HISTORY OF THE LITIGATION

Lucy B. Bailey died in 1932 survived by four children, Homer D. Bailey, Clarence R. Bailey, Gertrude Le Blanc, and

Juanita Roberts. Clarence was appointed executor of her estate, one of the assets of which was a parcel of improved real property designated as 997 East 42d Street, Los Angeles, California. In 1934, Juanita took possession of the 997 East 42d Street property pursuant to an informal unconfirmed arrangement of sale and continued to assert dominion over it until her death in 1964. The property produced rental income which was collected by Clarence until 1937 and then apparently by Juanita until she became ill in 1960. Thereafter, rents were collected by her son, the respondent in the matter here before us. Respondent used the rent to pay the "expenses" of the property. Until Juanita's death, he applied the net of rental income over expense to her medical and other personal expenses. Until July 1966, respondent believed the property belonged to Juanita and her estate.

By reason of the mistaken belief of Clarence that he had no further duties to perform as executor, the probate proceeding was not concluded. On April 22, 1966, Homer petitioned the probate court to remove Clarence as executor of the estate. Clarence stipulated to his removal and Homer was appointed administrator with will annexed. Clarence filed a final account to which Homer, as administrator, filed objections seeking to surcharge Clarence for negligence in administration of the affairs of the estate. One of the items placed in issue by the objections to the account was the alleged failure of Clarence to collect or account for the rents from the property at 997 East 42d Street. The hearing on objections to the account of Clarence was held August 16, 1966, with respondent appearing as a witness. The matter was taken under submission on August 16 to permit counsel for both Homer and Clarence to file briefs. It remained submitted on November 29, 1966. On that date, Homer, as administrator of the estate, filed an action against respondent alleging that the property at 997 East 42d Street was an asset of the estate, that respondent had collected $5,700 in rents from the property, and that he refused to pay the sum over to the estate. The complaint was served on respondent on December 7 while the matter of the accounting was still under submission. Two days later, respondent told Clarence that he had been served and was told by Clarence that he would be protected against loss in the action. Respondent and Clarence immediately consulted Lyle C. Ellis, counsel for Clarence in the accounting matter, and Clarence paid Ellis a retainer of $50 to represent respondent. Ellis assured respondent that Clarence and he would file

pleadings on behalf of respondent if that action were required. During the month of December, Ellis twice sought to contact Leo Shapiro, counsel for appellant. He was unsuccessful until early in January when, by telephone, he informed Shapiro that he had been consulted by respondent and that it appeared that the complaint served upon respondent sought the same rents which were being sought by the estate in the still-pending objections to Clarence's accounting. Shapiro replied that he was not sure that was the case. Ellis did not file an answer on behalf of respondent nor did he seek an extension of time to plead. Without prior notice to Ellis, Shapiro filed a request for entry of default by the clerk on January 11, 1967, and default was entered on January 13. On January 23, the probate court entered its memo order surcharging Clarence's account in the amount of $3,129. Judgment by default in favor of appellant against respondent was entered January 24, 1967.

From February to June 1967, Ellis and Shapiro had several conversations concerning the liability of Clarence to the estate. Shapiro did not mention that respondent's default had been entered and judgment taken in the related action. Findings of fact and conclusions of law were entered in the probate matter June 19, 1967, and payment was demanded from Clarence by a letter from Shapiro to Ellis on June 27. Payment was made by two cashier's checks, one given on August 30 and the other on September 14.

Neither respondent nor Ellis were notified of the default judgment against respondent until August 4, 1967. On that date, notice arrived in the form of a levy of execution by appellant upon respondent's bank account. Respondent immediately notified Ellis who contacted Shapiro. Shapiro declined to set aside the default judgment but stated that he would discuss the matter further if something were paid upon the then long overdue debt from Clarence to the estate. Supplemental examination of respondent was set on two occasions, August 30 and September 14, 1967. At the time of each examination, there was handed to Shapiro a cashier's check representing a payment by Clarence to the estate. After the final payment in full by Clarence on September 14, Shapiro indicated his intention to collect his judgment against respondent in total.

On October 19, 1967, respondent, through Ellis, filed his notice of motion to set aside the entry of default and to permit respondent to answer the complaint. The notice stated

that the motion would be based upon equitable grounds including extrinsic mistake.[1] Declarations filed with the notice of motion contained the facts recited above and a statement of meritorious defense in that the rentals alleged to belong to the estate and to have been collected by respondent had been reimbursed to the estate by Clarence. A proposed answer was also filed with the notice of motion. It denied the title of the estate in the 997 East 42d Street property and claimed that title was in the heirs of Juanita. The proposed answer in a second affirmative defense also asserted that the estate sought to recover from respondent the same rents that were the subject of the surcharge on the account of Clarence. Appellant submitted a declaration of Shapiro in opposition to the motion. That declaration in essence did not contradict those in support of the motion with two exceptions. It stated that Ellis, while telling Shapiro that he had been contacted by respondent, did not state that he would represent him, and it emphasized that there had been a two-and-one-half-month unexplained delay in filing the motion to set aside the default. The motion was heard by the trial court on December 6, 1967, and granted on December 18. This appeal followed.

APPLICABLE PRINCIPLES

 The motion for relief from default, granted by the trial court in the exercise of its equity jurisdiction, was in essence based upon extrinsic mistake of the respondent. In ruling on the motion, the trial court was required to determine whether: (1) under the circumstances presented to it respondent's neglect to file an answer within the statutory period was excusable (*Weitz* v. *Yankowsky,* 63 Cal.2d 849 [48 Cal.Rptr. 620, 409 P.2d 700]; *Higley* v. *Bank of Downey,* 260 Cal.App.2d 640 [67 Cal.Rptr. 365]); (2) the respondent had a meritorious defense to the action (*Lynch* v. *Spilman,* 67 Cal.2d 251 [62 Cal.Rptr. 12, 431 P.2d 636]); and (3) the respondent had acted seasonably to set aside the default after discovering that it had been entered. (*Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523 [190 P.2d 593].)

In reviewing the action of the trial court granting the motion, we are limited to determining whether its order constitutes an abuse of discretion (*Lynch* v. *Spilman, supra*) and must resolve any doubt in favor of an order which relieves

---

[1]The notice of motion also asserted the grounds of extrinsic fraud, unjust enrichment and void judgment.

286

from default. (*Reed* v. *Williamson,* 185 Cal.App.2d 244 [8 Cal.Rptr. 39].)

## EXCUSABLE NEGLECT

Respondent's failure to file a timely answer should be excused only if his conduct was ''reasonable'' in the context of cases sustaining relief from default. Appellant argues that the failure of Ellis to file an answer after being consulted by respondent was negligent and without excuse. He then relies upon those decisions which hold that negligence of counsel is imputed to the client. (See for example *Tammen* v. *County of San Diego,* 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753]; *Romero* v. *Snyder,* 167 Cal. 216 [138 P. 1002]; *Ross* v. *San Diego Glazed Cement Pipe Co.,* 50 Cal.App. 170 [194 P. 1059]; *Wyoming Pac. Oil Co.* v. *Preston,* 171 Cal.App.2d 735 [341 P.2d 732].) We do not reach the issue of whether under the facts here the conduct of Ellis constituted such negligence as to be inexcusable as a matter of law since the rule of imputed negligence of counsel is not applicable to those situations where a party to an action relies upon a codefendant or other third party to conduct his defense. In such situations, the test is not whether counsel was inexcusably negligent but whether there was reasonable reliance by the party upon the one undertaking to defend him. (*Weitz* v. *Yankowsky,* 63 Cal. 2d 849 [48 Cal.Rptr. 620, 409 P.2d 700]; *Crane* v. *Kampe,* 225 Cal.App.2d 200 [37 Cal.Rptr. 220]; *Higley* v. *Bank of Downey,* 260 Cal.App.2d 640 [67 Cal.Rptr. 365].)

The trial court did not abuse its discretion in finding reasonable reliance by respondent on the promise of Clarence to provide his defense in the action. Respondent was aware from his presence and testimony at the trial that the rents which were the subject matter of the suit against him were also the basis of the charge against Clarence. There was a family relationship, Clarence being respondent's uncle. Clarence, in respondent's presence, had paid a retainer to Ellis who stated that the matter would be taken care of and respondent's interest protected. The factual basis for the decision of the trial court was more than ample.

## MERITORIOUS DEFENSE

■ A party seeking relief from default must establish his claim to a meritorious defense. (*Lynch* v. *Spilman,* 67 Cal.2d 251 [62 Cal.Rptr. 12, 431 P.2d 636].) ■ Here, the trial court's determination that respondent has met his burden in this regard is supported by the record. Respondent's declara-

tions and proposed answer are adequate evidence that the sums claimed from respondent were previously reimbursed to the plaintiff estate, and both also establish a prima facie claim that the estate does not own the property which produced the rents.[2]

### DELAY IN MOVING TO SET ASIDE DEFAULT

Appellant contends that respondent's delay from August 14 (the date execution was levied) until October 19 (the date the notice of motion to set aside the default was filed) is both unexplained and unreasonable so as to bar respondent from the relief granted him by the trial court. He relies upon *Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523 [190 P.2d 593]. In *Benjamin*, the Supreme Court held that as a matter of law a totally unexplained delay of three months in seeking relief from default barred the relief. The case is, however, distinguishable from that at bar. There is a doubt at least concerning the applicability of the rule of *Benjamin* to the situation where the party to the action has reasonably relied on another to conduct his defense and again relied on him to obtain relief from default. (*Stout* v. *Bakker*, 212 Cal.App.2d 78 [27 Cal. Rptr. 661].) More significantly, the two-month hiatus is not totally unexplained. At the beginning of the period, Shapiro, who had already delayed over six months in enforcing the judgment, indicated a willingness to discuss setting aside the default once Clarence had paid his debt to the estate. Twice within the next 30 days he had used a supplemental examination of respondent as the forum to receive a cashier's check from Clarence. It was only after Clarence had paid in full that Shapiro renounced his willingness to discuss setting aside the default. Under these circumstances, the implied finding of the trial court that Shapiro participated in the delay in such fashion as to render respondent's inaction reasonable must be sustained. (*Freeman* v. *Goldberg*, 55 Cal.2d 622 [12 Cal.Rptr. 668, 361 P.2d 244], two-and-one-half-month delay; *Hallett* v. *Slaughter*, 22 Cal.2d 552 [140 P.2d 3], two-month delay; *Hammel* v. *Lindner*, 224 Cal.App.2d 426 [36 Cal.Rptr. 656], six-month delay; *Arnke* v. *Lazzari Fuel Co., Inc.*, 202 Cal. App.2d 278 [20 Cal.Rptr. 762], two-month delay; *Turner* v. *Allen*, 189 Cal.App.2d 753 [11 Cal.Rptr. 630], 40-day delay.)

---

[2]Both appellant and respondent argue the res judicata and collateral estoppel consequences of the probate proceeding. We do not reach that issue because respondent has adequately stated a meritorious defense irrespective of res judicata or collateral estoppel.

We find no abuse of discretion in the action of the trial court in setting aside respondent's default. The order from which this appeal is taken is affirmed.

Wood, P. J., and Lillie, J., concurred.