Filed 3/28/14  Powell v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHARLES ERIC POWELL, | |
| Petitioner, | G047710 |
| v. | (Super. Ct. No. 07CC05613) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| COUNTY OF ORANGE et al., | |
| Real Parties in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, David R. Chaffee, Judge.  Petition granted.

Ralph E. Harrison II for Petitioner.

No appearance for Respondent.

Lynberg & Watkins, Norman J. Watkins, S. Frank Harrell and Melissa D. Culp for Real Parties in Interest.

\*        \*        \*

Charles Eric Powell appeals from an order denying his motion to vacate and set aside a judgment of dismissal entered for delay in prosecution under Code of Civil Procedure section 583.410, subdivision (a).[1] He argues he was entitled to relief under section 473, subdivision (b) (section 473(b)) and under the trial court's inherent equitable power to vacate or set aside a dismissal on the ground of extrinsic fraud or mistake.

We treat the appeal from the order denying Powell's nonstatutory motion made on equitable grounds as a petition for writ of mandate. We conclude the trial court abused its discretion in failing to set aside the dismissal on equitable grounds and, therefore, grant the petition and order the issuance a writ of mandate directing the trial court to grant Powell's motion and to vacate the judgment. Because Powell should have been granted equitable relief, we do not address whether he was entitled to relief under section 473(b).

## BACKGROUND

### I.

### Powell's Complaint/Dismissal for Delay in Prosecution

In May 2007, Powell filed a complaint against the County of Orange, the Orange County Sheriff, and two Orange County Sheriff's deputies (Defendants), asserting causes of action for civil rights violations, conspiracy to violate civil rights, false arrest, negligence, intentional infliction of emotional distress, violation of the California Constitution, assault and battery, and malicious prosecution. Powell filed a first amended complaint (the Complaint) in July 2007. The Complaint was filed by Powell's then counsel of record, Mark H. Williams.

---

[1] Further code references are to the Code of Civil Procedure unless otherwise indicated.

The Complaint alleged that in November 2005, two sheriff's deputies physically abused and injured Powell during a detention following a traffic stop, and, thereafter, falsely charged Powell with attempting to escape arrest. During trial of the criminal charges against Powell, a videotape of the incident surfaced showing he had not attempted to escape arrest, and the deputies admitted their trial testimony was false. The jury returned a verdict of not guilty on the criminal charges against Powell.

Defendants answered the Complaint in September 2007. In December 2007, the trial court granted Defendants' motions to compel responses to special interrogatories, form interrogatories, request for production of documents, and request for statement of damages. The court imposed monetary sanctions against Powell and Williams.

In September 2009, the trial court issued a minute order setting an order to show cause regarding dismissal pursuant to section 583.410, subdivision (a) for delay in prosecution. The court found there had been no activity in the case since December 2007. When Williams did not appear at the hearing on the order to show cause, the court issued an unsigned minute order dated October 7, 2009, dismissing the action.

## II.

### Powell's First Motion to Set Aside the Dismissal

In April 2010, Powell, in propria persona, filed a "Motion to Set Aside Dismissal Judgment" (the first set-aside motion). The first set-aside motion was made pursuant to the automatic relief/attorney fault provision of section 473(b) and included a declaration from Attorney Williams, stating he did not receive the court's order to show cause because he had changed his business address. He stated, "[t]he failure to receive the motion to dismiss was due to my mistake, inadvertence, surprise, or neglect," and "[d]ue to my mistake, inadvertence, surprise, or neglect I did not properly keep track of

3

this case and did not respond to discovery." Defendants opposed the first set-aside motion.

On May 21, 2010, the same day as the hearing on the first set-aside motion, Powell filed a substitution of counsel, naming Ralph E. Harrison II as his counsel of record. The trial court denied the first set-aside motion, and a notice of ruling was served on May 24, 2010.

On June 4, 2010, Powell filed a "Motion to Reconsider Denial of Motion to Set Aside Dismissal and Entry of Judgment; Alternatively to Set Aside the Dismissal of the Action and Judgment" (the motion for reconsideration). The motion for reconsideration included declarations from Harrison, Williams, and Powell, and asserted the conduct of Williams "[went] beyond that of those factors set forth in C.C.P. §473(b) and are more appropriately characterized as positive misconduct." Defendants opposed the motion for reconsideration.

At the hearing on July 2, 2010, the trial court denied the motion for reconsideration on the ground there were no new or different facts or law to support the motion, the motion was untimely, and the conduct of Williams did not amount to extrinsic fraud or mistake.

### III.

### Our Prior Opinion in *Powell v. County of Orange*

Powell appealed from the "Denial of Motion for Reconsideration/Motion to Set Aside Dismissal" entered on July 2, 2010. In *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573 (*Powell I*), we dismissed the appeal on two grounds. First, we concluded an order denying a motion for reconsideration is not directly appealable. (*Id.* at pp. 1575, 1576.) Second, we concluded a signed order or judgment dismissing the action had not been entered in the trial court. (*Id.* at pp. 1575, 1577-1578.) We stated: "The lack of a written order of dismissal signed by the trial court has two consequences.

4

First, the set aside motion was premature as there is no judgment yet to set aside. Second, in this matter, there is no final judgment that might serve as a basis for appellate jurisdiction." (*Id.* at p. 1578.)

## IV.

### Postremand Motion to Vacate Invalid Order

After remand to the trial court, Powell filed a motion to "Vacate Invalid Order of Dismissal and/or Judgment" (the motion to vacate invalid order). In this motion, Powell argued that, based on our decision in *Powell I*, the unsigned minute order was ineffective as a judgment and, as a consequence, "there is no judgment to be set aside and any previous motion(s) to set it aside were premature." With the motion to vacate invalid order, Powell submitted a declaration from Attorney Harrison, who stated he had contacted the superior court clerk in an effort to set a hearing to address a trial date. According to Harrison, the court clerk informed him "no hearing would be set based upon the conclusion that the matter had been dismissed and the appeal also being dismissed."

Defendants opposed the motion to vacate invalid order on the ground Powell had "no active, pending case." They argued, in essence, that dismissal of the Complaint remained "in full force and effect" following dismissal of Powell's appeal.

The trial court denied the motion to vacate invalid order with this explanation: "On 08/09/11, the Court of Appeal issued its decision finding—in essence—that the absence of an effective final judgment meant the Court had no jurisdiction to review the merits of this Court's various rulings. [¶] At this point there is no 'motion' before this Court that can be ruled upon. Instead, defendant needs to submit a proposed judgment for this Court's signature, and that will effectuate appellate review, if any can be perfected at this late date."

5

## V.

### Entry of Signed Order of Dismissal and
### Judgment of Dismissal

Defendants submitted a proposed order of dismissal. Powell filed written objections to the proposed order of dismissal, a request for judicial notice, and a declaration from Harrison.

On May 1, 2012, the trial court signed the order of dismissal and a separate judgment of dismissal submitted by Defendants. In the order of dismissal, the court gave these reasons for issuing the order to show cause regarding dismissal in 2009: "On September 17, 2009, this Court determined in chambers work that this case was still in the inventory and that no action had taken place since this Court's December 2007 ruling on Defendants' discovery motions." The court noted: "A Case Management Conference ('CMC') was scheduled when the case was in Department C28, but that hearing was taken off calendar and the case was transferred without ever getting onto this Department's CMC wheel."

The order of dismissal also stated: "On September 29, 2009, this Court received return of the mailed Order to Show Cause to Plaintiff's counsel, upon which the United States Postal Office indicated that the mail was not deliverable to his address of record. [¶] On October 7, 2009, the Court's Order to Show Cause proceeded to hearing with Defense counsel present. Neither Plaintiff [n]or Plaintiff's counsel attended the proceedings. Moreover, neither Plaintiff [n]or Plaintiff's counsel filed any written response to the Court's Order to Show Cause. Accordingly, after due consideration of the matter, the Court ordered the case dismissed for delay in prosecution pursuant to California Rule of Court 3.1340 and Code of Civil Procedure § 583.410."

The order of dismissal and the judgment of dismissal were filed on May 1, 2012. Notice of entry of judgment was served on May 7, 2012.

6

# VI.

## Powell's Second Motion to Set Aside Dismissal

In late August 2012, Powell filed a motion to set aside dismissal and entry of judgment (the second set-aside motion) seeking relief on two grounds. First, the second set-aside motion sought relief under the automatic relief/attorney fault provision of section 473(b). Second, the motion sought equitable relief on the ground "[t]he dismissal resulted solely from the neglect, better characterized as positive misconduct of Plaintiff's former counsel." Submitted with the second set-aside motion were declarations from Harrison, Powell, and Williams.

In his declaration, Williams stated: "It was solely as a result of my neglect that this matter was ordered dismissed by the Court. Mr. Powell played no role in my neglect of his matter, including but not limited to the failure to respond to discovery request[s], to oppose the motions to compel or appear at the hearings thereon." Williams declared he did not keep Powell informed of the status of the case, did not respond to his communications, did not forward him the discovery requests, did not appear at the hearings on the motions to compel, did not inform Powell of the order compelling responses to that discovery, did not inform him or the trial court of his change of address, and did not inform him of the dismissal. Williams acknowledged he did not respond to Powell's "numerous attempts" to contact him and "neglected Mr. Powell's inquiries until after the dismissal of the action." Williams declared he had drafted the first set-aside motion but in it "did not set forth all of the true facts underlying my neglect resulting in the dismissal."

Defendants opposed the second set-aside motion, characterizing it as a motion for reconsideration presenting no new facts or law. They argued Powell was not entitled to invoke the attorney fault provision of section 473(b) and, due to passage of time, they would suffer prejudice if the trial court granted relief.

7

The trial court treated the second set-aside motion as both a motion for reconsideration and as a motion to set aside a judgment. In an order dated September 28, 2102, the court ruled that, as a motion for reconsideration, the second set-aside motion was untimely and failed to present new evidence or arguments. The court ruled that, as a motion to set aside a judgment, the second set-aside motion failed because Powell did not meet his burden of producing evidence to establish the dismissal was caused by attorney mistake, inadvertence, or neglect. The court found that mandatory relief was not available under section 473(b) because Williams's conduct was not the "'proximate cause' of the 'error' in not having a trial court set aside the dismissal." The court stated: "Attorney Harrison has taken three bites at the set-aside apple, with no success. In the whole scheme of things, Attorney Williams' error in not attending the OSC [(order to show cause)] pales in comparison to Attorney Harrison's inability to have that dismissal set aside. Thus, proximate cause appears to rest more firmly with Attorney Harrison, who has not opted to fall on any sword." The court held the automatic set-aside provision of section 473(b) does not apply to a dismissal of a complaint for delay in prosecution and Powell failed to establish extrinsic fraud justifying equitable relief.

The trial court also denied equitable relief because "such relief is limited to those situations where a party has been effectively deprived of the opportunity to present his or her claim, or prevented from participating in the proceeding, through no fault of his/her own." The court stated: "Where, as here, the dismissal is alleged to be *voidable*, plaintiff must allege (1) extrinsic fraud or mistake, (2) a meritorious claim, (3) due diligence, and (4) minimal prejudice to the opposing side. [Citations.] Nothing of the sort is offered by plaintiff here."

The trial court concluded: "Whether the present motion is deemed a renewed motion to set aside, or a motion for reconsideration, the motion is so palpably devoid of merit that no reasonable attorney would in good consci[ence] bring such a

8

motion.  **The motion is obviously denied with prejudice**.”  Powell filed a notice of appeal from the order of dismissal and the order denying the second set-aside motion.

## APPELLATE JURISDICTION

Defendants contend Powell’s appeal must be dismissed because the second set-aside motion was a motion for reconsideration, and an order denying such a motion is not appealable.  In a related argument, Defendants contend Powell may not seek review of the May 2012 order of dismissal and judgment of dismissal because his notice of appeal was not timely as to them.

Defendants are correct that in *Powell I*, *supra*, 197 Cal.App.4th at pages 1575, 1576, we concluded an order denying a motion for reconsideration is not appealable.  The second set-aside motion was not, however, a motion for reconsideration. In *Powell I*, *supra*, 197 Cal.App.4th at page 1578, we stated the lack of a written order signed by the trial court had two consequences, the first of which was “the set aside motion was *premature* as there is no judgment yet to set aside.”  (Italics added.)  The clear import of that statement is that upon entry of a proper judgment, Powell could challenge or seek to set aside the judgment pursuant to section 473(b) or on any other permissible grounds.  Once the signed order of dismissal and the signed judgment of dismissal were entered, Powell did precisely that.  The second set-aside motion was not a motion to reconsider the prior set-aside motion and motion for reconsideration, which were premature as no valid judgment had been entered.  Instead, it was a valid motion to set aside the judgment pursuant to section 473(b) and on equitable grounds.

A motion under section 473(b) must be made within a “reasonable time,” in no case exceeding six months after the judgment was entered.  The signed order of dismissal and the signed judgment of dismissal were entered on May 1, 2012; Powell filed the second set-aside motion on August 30, 2012, just shy of four months later. Defendants do not argue the second set-aside motion was not made within a reasonable

9

time after entry of the signed order of dismissal and the signed judgment of dismissal. In any case, relief on equitable grounds is available even when relief is no longer available under section 473(b). (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228.)

Defendants are correct that Powell's notice of appeal was untimely as to the order of dismissal and the judgment of dismissal. Notice of entry of judgment was served on May 7, 2012. Under California Rules of Court, rule 8.104(a)(3), Powell had 60 days from May 7 (July 6), in which to file a notice of appeal from the order of dismissal and the judgment of dismissal. He did not file his notice of appeal until November 27, 2012. A valid motion to vacate a judgment will extend the time in which to appeal from the judgment if the motion is filed and served within the time prescribed to file the notice of appeal from the judgment. (Cal. Rules of Court, rule 8.108(c); see *Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1108 ["The bottom line is that, in order to extend the allotted time to appeal, appellants here must have filed their motion to vacate within the mandatory 60-day period provided by rule 8.104(a)"].)

The second set-aside motion did not extend the time to appeal from the order of dismissal. Powell served and filed the second set-aside motion on August 30, 2012, some 55 days after the last day to file the notice of appeal from the order of dismissal and judgment of dismissal. We therefore lack jurisdiction over his appeal from "581d dismissal."

Powell's notice of appeal also identified the "Motion to Set Aside Dismissal," which we construe as the order denying the second set-aside motion. That motion was both a statutory motion under section 473(b) and a nonstatutory motion for equitable relief. An order denying a motion to set aside or vacate a judgment under section 473 is appealable under section 904.1, subdivision (a)(2). (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394.) Unless an exception applies, an order denying a nonstatutory motion to vacate a judgment is not

10

appealable. (*Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933-934; *Whelan v. Rallo* (1997) 52 Cal.App.4th 989, 991-992, fn. 3; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 2:174, p. 2-96 (rev. # 1, 2010).) An appeal may be taken from an order denying a nonstatutory motion to vacate a judgment when the underlying judgment is void (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 690-691) or where the record made at the time of the judgment did not disclose the grounds for appeal (*In re Marriage of Brockman* (1987) 194 Cal.App.3d 1035, 1043). Neither exception applies here. Thus, our appellate jurisdiction extends only to Powell's challenge to the order denying the second set-aside motion to the extent it was made on statutory grounds under section 473(b).

At oral argument, we invited the parties to submit supplemental briefing on the issue whether we should treat the appeal as a petition for writ of mandate. Defendants filed a supplemental letter brief strenuously arguing against doing so. We have considered the arguments presented in that letter brief, but, in the interests of justice and judicial economy, exercise our discretion to treat the appeal, to the extent it relates to the nonstatutory motion, as a petition for writ of mandate. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 745-747; *Connell v. Superior Court* (1997) 59 Cal.App.4th 382, 393-394.) The merits of the appeal have been fully briefed, the briefs and record before us contain in substance all the elements required by the California Rules of Court for an original mandate proceeding, and failure to consider the merits of the nonstatutory portion of the second set-aside motion would be manifestly unjust. (*Morehart v. County of Santa Barbara*, *supra*, at pp. 745-747.) Although, as Defendants argue, Powell did not expressly request relief by writ of mandate, "the case in its present posture presents unusual circumstances making it appropriate to ascertain from the record whether there are substantive errors that [we] should, by writ, order the trial court to correct." (*Id.* at p. 746.)

11

## DISCUSSION

### I.

### Standard of Review

We review an order granting or denying equitable relief from a judgment or order under the abuse of discretion standard. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *In re Marriage of Grissom* (1994) 30 Cal.App.4th 40, 46; *In re Marriage of Mansell* (1989) 217 Cal.App.3d 219, 225-226; *Bailey v. Roberts* (1969) 271 Cal.App.2d 282, 285-286; *Shields v. Siegel* (1966) 246 Cal.App.2d 334, 337-338.)

The abuse of discretion standard has been described generally in these terms: "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.) A trial court exceeds the bounds of reason when, in light of the evidence and the applicable law, the court's decision was not a permissible option. "The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria. 'The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action . . . ." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.'" (*Department of Parks & Recreation v. State Personnel Bd.* (1991) 233 Cal.App.3d 813, 831.)

In applying the abuse of discretion standard, we determine whether the trial court's factual findings are supported by substantial evidence and independently review its legal conclusions. (*County of San Diego v. Gorham*, *supra*, 186 Cal.App.4th at p. 1230.)

## II.

### The Trial Court Erred by Denying Powell Equitable
### Relief from Dismissal.

A trial court has inherent equitable power to set aside a judgment or dismissal on the ground of extrinsic fraud or mistake. (*Olivera v. Grace* (1942) 19 Cal.2d 570, 576-577; *County of San Diego v. Gorham*, *supra*, 186 Cal.App.4th at p. 1228; *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290.) The term "extrinsic mistake" has been "broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981.) "[T]he terms 'fraud' and 'mistake' have been given a broad meaning by the courts, and tend to encompass almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing. [Citation.] The term 'extrinsic' refers to matters outside of the issues framed by the pleadings, or the issues adjudicated. [Citation.]" (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 738 (*Aldrich*).)

Extrinsic mistake has been found when the attorney's positive misconduct deprives his or her client of a hearing. (*Aldrich*, *supra*, 170 Cal.App.3d at pp. 738-739). "Positive misconduct is found where there is a total failure on the part of counsel to represent his client." (*Id*. at p. 739.)

A client's redress for inexcusable neglect by counsel is usually an action for malpractice. (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898.) In *Carroll v. Abbott Laboratories, Inc.*, the California Supreme Court recognized an exception to that rule in those instances in which "'the attorney's neglect is of that extreme degree amounting to *positive misconduct*, and the person seeking relief is relatively free from negligence.'" (*Ibid*.) In that situation, "'the attorney's conduct, in effect, *obliterates the existence of the attorney-client relationship*, and for this reason his negligence should not be imputed to the client.'. . . [Citations.]" (*Ibid.*)

13

In *Orange Empire Nat. Bank v. Kirk* (1968) 259 Cal.App.2d 347, 352-356, the Court of Appeal reversed the trial court's denial of a motion for equitable relief from a default judgment where the cross-defendant's attorney failed to file an answer and appear at trial. The cross-defendant had contacted his attorney many times, and the attorney assured him he was defending the case and would take care of the trial. (*Id.* at p. 350.) After a substantial judgment was entered against the cross-defendant, his attorney failed to seek relief from the judgment within the statutory period. (*Id.* at pp. 350-352.) The Court of Appeal, holding the trial court should have granted the cross-defendant equitable relief from the judgment, stated: "Although the law ordinarily charges the client with the inexcusable neglect of his attorney, and gives him redress against his counsel [citation], there are exceptional cases in which the client who is relatively free from personal neglect will be relieved from a default or dismissal attributable to the inaction or procrastination of his counsel. [Citations.] This is particularly true where the attorney's failure to represent the client amounts to positive misconduct. [Citation.] An attorney's authority to bind his client does not permit him to impair or destroy the client's cause of action or defense. [Citation.]" (*Id.* at p. 353.) Relief in that situation is warranted if the client acted with due diligence in seeking relief after discovery of the attorney's neglect, and the opposing party will suffer no prejudice if relief is granted. (*Ibid.*)

In *Aldrich*, *supra*, 170 Cal.App.3d at pages 731-732, the Court of Appeal held the trial court did not err in granting a plaintiff relief from dismissal on equitable grounds because the plaintiff's lawyer failed to respond to discovery requests, failed to oppose a motion to dismiss for failure to respond, and was suspended from the practice of law shortly before the dismissal was granted. The court explained that although inexcusable neglect is usually imputed to the client, "in a case where the client is relatively free from negligence, and the attorney's neglect is of an extreme degree amounting to positive misconduct, the attorney's conduct is said to obliterate the

14

existence of the attorney-client relationship." (*Id*. at p. 738.) Equitable relief from the dismissal was warranted, the court concluded, because "the positive misconduct necessary to absolve a client of responsibility for his attorney's inexcusable negligence [was] present." (*Id.* at p. 739.)

In *People v. One Parcel of Land* (1991) 235 Cal.App.3d 579, 584, the Court of Appeal affirmed an order granting equitable relief from a default judgment because the respondent's attorney displayed "a total failure to represent his client" by failing to return the respondent's telephone calls and to oppose the default judgment motion.

In sum, these cases establish that equitable relief from a judgment or dismissal based on an attorney's positive misconduct should be granted when (1) the attorney's positive misconduct amounts to abandonment of or total failure to represent the client; (2) the client is relatively free of fault and acted with due diligence in seeking relief after discovery of the attorney's neglect; and (3) the party opposing relief will suffer no prejudice if relief is granted.

The declarations submitted in support of the second set-aside motion established each of these requirements for equitable relief. Williams declared he engaged in positive misconduct that resulted in his abandonment of Powell. Williams declared he did not keep Powell informed of the status of the case, did not inform Powell of his change of address, and did not respond to Powell's attempts to communicate with him. Williams did not respond to discovery requests, did not file any opposition to the motions to compel discovery, and did not appear at the hearing on the motions to compel. Williams failed to respond to the trial court's order to show cause regarding dismissal for failure to prosecute and did not appear at the hearing on the order to show cause.

Powell acted diligently. He declared he made numerous attempts to contact Williams by telephone. When Powell was unable to reach Williams, Powell contacted the person who had referred him to Williams, contacted another person represented by

15

Williams, and even hired a private investigator, all to no avail. Powell declared, "[i]t was only after Mr. Williams was suspended from the practice of law was I even informed that my case had been dismissed." It is arguable that Powell could and should have done more, but "a client should not be required to act as a 'hawklike inquisitor' of his own counsel, nor perform incessant checking on counsel." (*Aldrich*, *supra*, 170 Cal.App.3d at p. 740.)

Upon learning his case had been dismissed, Powell worked diligently with Williams to file the first set-aside motion and retained Harrison to appear at the hearing on the motion. Harrison stated in his declaration that "Mr. Williams, while suspended from the practice of law, drafted and presented the document to [Powell] and only then informed him that the case had been dismissed almost six months to the day before he met with him."

Finally, Powell established that Defendants would not suffer prejudice if relief were granted. Attorney Harrison stated in his declaration: "[N]o prejudice will inure to the Defendants by setting aside the dismissal. [¶] . . . [T]he incident was not only captured on videotape but the deputies also documented their version of the events in their police reports as well as during the course of their testimony in the underlying criminal case. [¶] . . . Consequently, their memories, to the extent they feign memory loss, are easily refreshed, but more importantly (and accurately) the incident is memorialized on videotape." Defendants presented no evidence of prejudice.

This case is virtually identical to *Seacall Development, Ltd. v. Santa Monica Rent Control Bd.* (1999) 73 Cal.App.4th 201, 204-208 (*Seacall*), in which the Court of Appeal reversed the trial court's order denying equitable relief from dismissal. In *Seacall*, the plaintiff's attorney failed to prosecute the case and failed to oppose the order to show cause regarding dismissal for failure to prosecute. (*Id*. at pp. 203-204, 206.) Although an attorney's negligence usually is imputed to the client, and therefore offers no ground for equitable relief, the Court of Appeal explained that "[i]mputation of

16

the attorney's neglect to the client ceases at the point where 'abandonment of the client appears.'" (*Id*. at pp. 204-205.) Abandonment requires both the "'total failure on the part of counsel to represent the client'" and "an absence of fault and due diligence on the part of the client." (*Id.* at p. 208.) The evidence showed that the plaintiff's attorney "sat on the case and did nothing to represent [the plaintiff]." (*Ibid.*) Although the plaintiff had not contacted the attorney in the two years between filing the action and the dismissal, the Court of Appeal concluded the plaintiff had been justified under the circumstances in relying on the attorney. (*Id.* at p. 206.) A more significant factor was, the court concluded, the plaintiff's diligence in retaining new counsel who filed a motion for relief after learning of the dismissal. (*Id.* at pp. 206-207.)

*Seacall*, as this case, concerned relief from discretionary dismissal. The *Seacall* court stated: "We also find it significant this case was dismissed under the discretionary two-year time period of Code of Civil Procedure section 583.420. [Citation.] . . . 'The two-year period is not an arbitrary limit, but simply a general guide to determine whether "want of prosecution" appears and, if so, whether the power to dismiss should be used in view . . . of the entire situation.' [Citation.] Thus the public policy against delay in prosecution is not as strong in this case as in, for example, a case dismissed under the mandatory five-year rule (Code Civ. Proc., § 583.310)." (*Seacall*, *supra*, 73 Cal.App.4th at p. 207.) The *Seacall* court concluded, "[t]he fact the dismissal was not mandatory but discretionary also weighs in favor of granting relief." (*Seacall*, *supra*, at p. 208.)

Likewise in this case, Powell sought relief from a discretionary dismissal under section 583.410 for delay in prosecution. In light of the applicable law, most notably the *Seacall* opinion, and the evidence, the denial of the second set-aside motion was not a permissible option for the trial court. The court's statement that Powell submitted "[n]othing of the sort" to establish the elements required for equitable relief was simply wrong. Indeed, the facts in support of relief are stronger here than in *Seacall*.

17

In *Seacall*, *supra*, 73 Cal.App.4th at page 206, the Court of Appeal concluded the plaintiff's failure to contact counsel during a two-year period was not sufficient ground to deny relief. In contrast, Powell at least attempted to contact Williams on a regular basis and even hired a private investigator to try to locate him. In *Seacall*, the Court of Appeal concluded the trial court abused its discretion by denying the plaintiff's motion to vacate a discretionary dismissal; under similar facts, we do the same.

Nearly four years have passed since Powell brought the first set-aside motion. The trial court found that Powell contributed to this delay by treating the unsigned minute order dismissing the action as a final judgment and pursuing the appeal in *Powell I*. Powell should not bear the brunt of responsibility. The dismissal by minute order was, after all, issued by the *trial court* in favor of *Defendants*, who had the most interest in securing, and could have secured, compliance with section 581d. Even after we issued an order in *Powell I* raising the issue whether the minute order was effective as a judgment, Defendants did not obtain a signed order of dismissal. And, of course, no lengthy amount of time would have passed if years ago the trial court had granted the relief that is compelled by the evidence and the law.

### DISPOSITION AND ORDER

We treat the appeal from the order denying the nonstatutory portion of the second set-aside motion as a petition for writ of mandate and grant it. Let a writ of mandate issue directing the trial court to (1) vacate its order, dated September 28, 2012, denying the second set-aside motion; (2) enter a new and different order granting the second set-aside motion and vacating the order of dismissal and judgment of dismissal entered on May 1, 2012; and (3) enter an order vacating the order to show cause regarding dismissal for delay in prosecution.

In this opinion, we have concluded that Attorney Mark H. Williams committed misconduct. Therefore, pursuant to canon 3D(2) of the California Code of

18

Judicial Ethics and rule 10.1017(a) of the California Rules of Court, we hereby report Attorney Mark H. Williams, former counsel for petitioner Charles Eric Powell, to the State Bar of California for misconduct as described in this opinion. The clerk of this court is directed to send copies of this opinion to the State Bar of California and to Mr. Williams at his address listed by the State Bar.


FYBEL, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.