[No. 6,594.—Department Two.]

## JOSEPH SMITH ET AL. *v.* JAMES TUNSTEAD.

NEGLIGENCE OF ATTORNEY—EXCUSABLE NEGLECT.—Parties in this State are not entitled to relief from a judgment entered against them on account of the negligence of their attorneys.

APPEAL from a judgment for the plaintiff, and from an order denying defendant's motion to set aside the judgment, in the Twelfth District Court, City and County of San Francisco. TEMPLE, J.

The facts are stated in the opinion.

*Pillsbury & Titus*, for Appellants: cited *Quinn* v. *Lloyd*, 5 Abb. Pr. (N. S.) 284 ; *Sharp* v. *Mayor of N. Y.* 31 Barb. 578 ; 1 Wait's Pract. 243, and cases cited.

*E. B. Mahon*, for Respondent: cited *Ekel* v. *Swift*, 47 Cal. 620 ; *Reilly* v. *Ruddock*, 41 id. 312 ; *Coleman* v. *Rankin*, 37

id. 247; *Bailey* v. *Taaffe,* 20 id. 425, 426; *Haight* v. *Green,* 19 id. 115–117.

THORNTON, J.:

This was an action to recover specific personal property. It was commenced in the Twelfth District Court, for the city and county of San Francisco, on the 23rd of May, 1878. The property sought to be recovered was taken from the possession of the defendant, and on the 20th of June, 1878, delivered to the plaintiffs by regular proceeding under the statute. On the 23rd of July, 1878, defendant filed a demurrer to the complaint. The cause was, on the 16th day of August, 1878, regularly transferred to the District Court for Marin County. On the 18th of November, 1878, the demurrer was withdrawn and an answer filed by defendant. On the same day, the cause was ordered on the trial calendar of the Court (District Court for Marin County) for hearing and trial at the November Term. The order entered on the 18th of November, just above referred to, was in these words:

"At a District Court of the Twenty-second Judicial District of the State of California, in and for the county of Marin, held at the court-house in the county of Marin, on the 18th of November, 1878; present, the Hon. Jackson Temple, Judge of the Twenty-second Judicial District;

"Joseph Smith et al., Plaintiffs,  
          against  
     James Tunstead, Defendant.

"The demurrer to the complaint herein having been withdrawn, and the answer of defendant filed herein, it is ordered that this cause be placed on the trial calendar of this Court for this November Term, 1878, of this Court, for hearing and trial."

A copy of this order was served on the attorneys for plaintiffs on the same day on which it was entered.

The cause was called for trial on the 2nd day of December, 1878. No one appeared for plaintiffs. The trial was proceeded with, and judgment passed for the defendant for the return of the property sued for, and which had been taken from his possession, or for the sum of $850, the value thereof, in case a re-

turn could not be had. On the 3rd day of December, 1878, the attorneys for plaintiffs were notified, by the attorney for the defendant, of the decision and judgment of the Court above stated, made and entered on the 2nd of December.

The plaintiffs, on the 5th of December, 1878, gave notice of a motion to set aside this judgment, on the ground that it was taken under a misapprehension of counsel for the plaintiffs, that the said cause would be set down for trial on a day certain. This notice of motion was given by the attorneys of record, who commenced the action for the plaintiffs, and was for the —— day of December, 1878. The notice was not heard in December, and afterwards other attorneys for plaintiffs were substituted.

The attorneys last referred to gave notice of a further motion to set aside the judgment to be heard on the 17th day of March, 1879, on the ground that it was taken against the plaintiffs through their surprise, mistake, and excusable neglect. The notice further stated that "this motion is intended to form a part of the motion heretofore made," etc.

The motion was made and denied on the 17th day of March, 1879, and this appeal is prosecuted from that order and the judgment.

On the argument, the negligence of the attorneys for the plaintiffs was conceded, and it was urged that the judgment should have been vacated, because it was taken against them through the negligence or mistake of their attorneys, for which they should not be held responsible.

An examination of the affidavits impresses us with the conviction that the plaintiffs were not negligent. But their attorneys were, and parties in this State have, in such cases as this, been held not entitled to relief on account of the negligence of their attorneys. (*Haight* v. *Green,* 19 Cal. 118; *Mulholland* v. *Heyneman,* id. 605; *Ekel* v. *Swift,* 47 Cal. 620.) If we should adopt the rule as contended for by plaintiffs, we must overrule these cases. This we do not feel authorized to do.

We find no error in the transcript, and the judgment and order are affirmed.

Myrick, J., and Sharpstein, J., concurred.