[Civ. No. 6574. Second Appellate District, Division One.—August 6, 1931.]

ROBERT E. RATLIFF, Appellant, v. CHRISTINA D. RATLIFF, Respondent.

40

Koenig & Brunton, V. H. Koenig and A. W. Brunton for Appellant.

C. L. Belt and Edmund S. Green for Respondent.

CONREY, P. J.—On August 20, 1928, default of plaintiff was entered for failure to answer defendant's cross-complaint. Thereafter on December 11, 1928, and pursuant to said default, judgment on the cross-complaint was entered. On February 19, 1929, pursuant to notice given, cross-defendant presented to the court a motion that the said default and judgment be set aside and that the execution on the judgment be recalled and quashed. The grounds of motion were that the default and judgment and execution had been taken against cross-defendant through his inadvertence, surprise and excusable neglect; and that the judgment was void for the reason it was rendered on a counterclaim. The motion was heard upon affidavits by the respective parties. At the same time cross-defendant moved that he be permitted to file answer to cross-complaint *nunc pro tunc* as of February 12, 1929. These motions having been denied, said cross-defendant appealed from each of said orders of denial.

The first contention of appellant is that there was an abuse of discretion in the court's failure to grant relief from the default and judgment. Such applications for

relief must be made within a reasonable time, but in no case exceeding six months after the judgment, order or proceeding was taken. (Sec. 473, Code Civ. Proc.) This motion was presented on the next to the last day of the sixth month after the entry of default. The affidavits show a conflict in the evidence concerning the circumstances of delay involved in the motion. Abuse of discretion has not been shown and the order denying relief should be affirmed.

█ The next point suggested by appellant is that the judgment is void in that the cross-complaint did not state a cause of action as a cross-complaint, but was only a counterclaim, requiring no answer. The complaint of the plaintiff stated a cause of action for conversion of certain described personal property. The cross-complaint stated a cause of action apparently intended for recovery of certain personal property or its value, of which property at least a part corresponds in description to the property described in plaintiff's complaint. The amount of the demand, based upon the alleged reasonable value, exceeded $500. Since there was no appeal from the judgment, we think that appellant is not entitled, on appeal from the orders in question here, to raise this objection to the sufficiency of the cross-complaint. █ The defects are not such as could affect the jurisdiction of the court. (*Van Loben Sels* v. *Bunnell*, 131 Cal. 489, 494 [63 Pac. 773].) The pleading on which the judgment is based contained the essential elements of a cross-complaint, with respect to at least a part of the property claimed; therefore the court had authority to treat it as a cross-complaint requiring an answer and to render judgment on default. Under the law as existing at the time the cross-complaint was filed the amount of the demand was sufficient to bring the case within the jurisdiction of the superior court at that time.

█ Since the court was justified in refusing to vacate the judgment, it follows that there is no error in the second order from which the plaintiff appeals, viz., the order denying motion to file answer to cross-complaint.

The orders are affirmed.

York, J., and Bishop, J., *pro tem.*, concurred.