[Civ. No. 23618.   Second Dist., Div. Three.   Jan. 28, 1960.]

RALPH D. WOODS, Appellant, v. DAVID STALLWORTH et al., Respondents.

518

Lloyd C. Griffith for Appellant.

Abe Richman for Respondents.

SHINN, P. J.—The present action, seeking annulment of a sale of real property under a deed of trust, and other relief, was commenced July 31, 1956. One of the defendants was J. W. Armstrong. Plaintiff filed a second amended complaint December 11, 1956, and a summons was issued thereon. Defendant Citizens Escrow Company filed an answer and a cross-complaint seeking judgment for attorney's fees for services in foreclosure proceedings, as provided for in the deed of trust. Plaintiff answered the cross-complaint with denials. Armstrong did not answer the second amended complaint. January 16, 1957, the summons on the second amended complaint was filed and with it a writing signed by Radford Cross, stating that the summons attached to the second amended complaint was served on each defendant December 13, 1956. This statement bore no verification. January 17th the clerk entered the default of Armstrong on the second amended complaint.

The action was regularly set for trial on October 9, 1957. Plaintiff had notice of the trial date and did not appear in person or by attorney. The cause was placed at the foot of calendar for assignment to a trial department to afford plaintiff and his attorney an opportunity to be present. Upon motion of Armstrong his default was vacated. On motion of all defendants the action was dismissed as to them. Judgment of dismissal with costs to the defendants was duly entered October 11, 1957. After a hearing upon its cross-complaint

Citizens Escrow Company was awarded by the judgment $250 as attorney's fees and costs of suit. March 31, 1958, plaintiff gave notice of a motion for vacation of the judgment and the order vacating the default of Armstrong. The matter was heard upon the files and affidavits and was denied April 7th. Notice of appeal from this order was filed June 4th.

The action was dismissed as between plaintiff and the defendants pursuant to section 581, subdivision 3, Code of Civil Procedure, which provides for dismissal: "By the court, when either party fails to appear on the trial and the other party appears and asks for the dismissal, or when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal."

The notice of motion for an order vacating the judgment and the order vacating Armstrong's default did not state the ground or grounds upon which the motion would be made except to cite as authority section 473, Code of Civil Procedure. Apparently, it was the intention to have the court decide whether the proceedings had been taken against the plaintiff through his mistake, inadvertence, surprise or excusable neglect. Appellant has not advised us which of these grounds he believes was established by the facts shown in the affidavits. It is clear to us that no showing was made which would have warranted an order vacating the judgment of dismissal.

The affidavits on the motion to vacate were in conflict in one particular. Mr. Richman, the attorney for several of the defendants, made an affidavit stating in part that at 9 a.m. on the trial date he telephoned plaintiff's attorney and asked whether he intended to try the case and that the attorney replied that he did not intend to pursue the case further and would not be present at the trial. The attorney for another defendant made affidavit that in his presence Mr. Richman telephoned to plaintiff's attorney and learned that the latter did not intend to be present. Plaintiff's attorney filed an affidavit stating that he was not called on the telephone at all and that he never made any of the statements that were attributed to him in the opposing affidavits. It was stated further in the affidavit of plaintiff's attorney that at 8:15 or 8:30 on the morning of the 9th, he telephoned the clerk of the calendar department and asked that the case be taken off the calendar; it was further stated that about 9:30 a.m. the "receptionist" in his office called the clerk to excuse plain-

tiff's witnesses who were in attendance; it was his understanding that it was a common practice for cases to be removed from the trial calendar upon request of the plaintiff, communicated to the clerk. It was stated that the affiant knew, however, that his request could not prevent a trial of the issues tendered by the cross-complaint of Citizens Escrow Company. Plaintiff himself filed an affidavit in support of his motion. He did not deny that he had knowledge of the trial date nor did he allege that he had been deceived in any manner. He gave no explanation of his failure to appear at the trial.

Appellant does not assail the dismissal of the action as unauthorized. He no doubt realizes that Mr. Richman made a report to the court of his telephone call and that the court could not have done anything other than dismiss the action.

The court did not abuse its discretion in denying plaintiff's motion to vacate the judgment. The affidavits filed in support of the motion disclosed no mistake of law but only ignorance of trial practice. If plaintiff's attorney made a mistake in assuming that he could prevent a trial of the action at the time set by merely calling the clerk and asking that the case be placed off calendar, it was not an excusable mistake. Any practising attorney should have known better. If plaintiff's attorney had learned that for any reason plaintiff's case could not be presented, it was his duty to communicate with counsel and to appear and explain the situation to the court. His failure to do so was an imposition upon his adversaries and also upon the court. He brought about the dismissal by his statement to Mr. Richman, communicated to the court, that the action was not to be further prosecuted.

■ There is no merit in the contention that the court committed error in vacating the default of Armstrong. The unverified statement of service filed with the return of the summons constituted no proof of service. (*Reinhart* v. *Lugo,* 86 Cal. 395 [24 P. 1089, 21 Am.St.Rep. 52].)

The return of service of a summons may be under the certificate of the sheriff, the constable or the marshal but "When it is served by any other person, it must be returned to the same place, with the affidavit of such person of its service, and of the service of a copy of the complaint." (Code Civ. Proc., § 410.) ■ The clerk has no authority to enter the default of a defendant in the absence of valid proof of service of summons. ■ The void character of the entry of the default appeared on the face of the record. It was the duty of the court upon application of the party or of its own motion

to vacate the void entry of the default.  [■■]  If it be granted that plaintiff would have had a right to correct the record by filing a sufficient affidavit of service and to have had the order vacating his default set aside, he has made no such application nor does he claim that he should have been given an opportunity to make one.

■ The record shows that a memorandum of costs was filed by one defendant October 17th.  The service of the memorandum of costs, even if unaccompanied by a notice of entry of judgment was sufficient to arouse the curiosity of plaintiff's attorney as to what had happened to his lawsuit.  He does not contend that he did not receive prompt notice of entry of the judgment.  Notice of motion to vacate the judgment was not given until 5 months and 20 days after it was entered.  Under section 473, Code of Civil Procedure, such a motion must be made within a reasonable time, not exceeding 6 months.  The action affected the title to real property.  No excuse whatever was shown for the delay.  The court could properly have held, and presumably did hold, that plaintiff's motion to vacate was not made within a reasonable time. (*Ratliff* v. *Ratliff,* 116 Cal.App. 39 [2 P.2d 222]; *City of Pacific Grove* v. *Hamilton,* 100 Cal.App.2d 508 [224 P.2d 19].)

The order is affirmed.

Vallée, J., and Ford, J., concurred.