15 Cal.App.3d 296 (1971)
93 Cal. Rptr. 61
CLARENCE K. BUCKERT et al., Plaintiffs, Cross-defendants and Respondents,
v.
JUDY E. BRIGGS, Defendant, Cross-complainant and Appellant.
Docket No. 10182.
Court of Appeals of California, Fourth District, Division One.
February 16, 1971.
*299 COUNSEL
Sullivan, Marinos, Augustine & Delafield, James S. Marinos and Ronald R. Hrusoff for Defendant, Cross-complainant and Appellant.
Asedo & McCarthy and Ramon D. Asedo for Plaintiffs, Cross-defendants and Respondents.
OPINION
COUGHLIN, J.
Defendant and Cross-complainant Judy E. Briggs appeals from an order setting aside a judgment in her favor obtained after trial at which plaintiffs Buckert, Johnson and Myers were not present nor represented by their attorney.
The facts in the case will be stated in accord with the rule on appeal requiring acceptance of that version of the evidence most favorable to the order to the extent supported by the record. (Thomas v. Hunt Mfg. Corp., 42 Cal.2d 734, 736 [269 P.2d 12].)
Defendant and cross-complainant claims an easement for pipeline and road purposes over property owned by plaintiffs. The complaint and cross-complaint sought, respectively, to quiet title of plaintiffs to the property and of the cross-complainant to the easement. The action was set for trial on November 12, 1968. Plaintiffs' attorney, a man named Smith, received two notices of trial, the first of which was mailed to him on August 30, 1968 and the second was mailed on September 27, 1968. The case previously had been set for trial in June 1968 but was postponed because one of the attorneys for defendant and cross-complainant was engaged in another trial. Plaintiff Johnson was advised of the continuance by Smith and that he would be notified of the new trial date when the case was reset. Johnson requested the matter be tried as soon as possible. Smith did not advise plaintiffs of the new trial date, and they did not learn thereof from any other source. When the case came on for trial, plaintiffs or their attorney not appearing, the cross-complainant submitted evidence in support of her claim and the court indicated its intention to find in her favor. Two days later, i.e., on November 14, 1968, Johnson, in a conversation with cross-complainant, learned the trial had taken place; immediately contacted his attorney Smith; was informed by the latter he had known of the trial date but thought plaintiffs had lost interest in the case; and also was informed he, Smith, would contact the attorney for cross-complainant and see what could be done to set aside the judgment by stipulation. Smith promised to telephone Johnson and report his progress, but did not do so, *300 nor did he contact Johnson in any way after that date. Neither Johnson nor any of the other plaintiffs ever indicated to Smith they had lost interest in the case but, to the contrary, as noted, had requested the matter be tried as soon as possible. Johnson wrote the judge who presided over the trial, apparently respecting his plight, and received from the latter a letter which stated in part: "Section 473 of the Code of Civil Procedure provides a means for setting aside default judgments when they are taken though inadvertence, surprise or excusable neglect. This may be done within six months after the action about which complaint is made. No doubt the new attorney whom you propose to engage will make an appropriate motion under this section and within the time permitted." Thereupon Johnson solicited the services of another attorney to represent him and the other plaintiffs who required the payment of a retainer fee before proceeding. Johnson was unable to pay the fee; made several unsuccessful attempts to sell some of his property to raise funds; but eventually was able to borrow sufficient money to make the payment in order to proceed within the six months. The new attorney obtained permission from plaintiffs to proceed as their substituted attorney; prepared the required substitution forms; was unable to contact Smith by telephone; and delivered to the Johnsons the substitution forms executed by them, whereupon they located Smith on May 12, 1969 and obtained his signature. At this time Smith informed the Johnsons he intended to leave the area and establish his residence in Bakersfield. Thereafter the new attorney attempted on several occasions, by letter and by telephone communication, to contact Smith at Bakersfield to obtain from him information and a declaration which might be used in support of the motion to vacate the judgment; received no reply; and as a consequence, no such declaration was obtained.
Defendant contends the motion to vacate should have been denied because (1) there was no showing the attorney's failure to give plaintiffs notice of the trial was excusable; and (2) plaintiffs' application for relief was not made within a reasonable time.
(1) "A motion to set aside a default judgment is addressed to the sound discretion of the trial court, and, in the absence of a clear showing of abuse of discretion, where the trial court grants the motion, the appellate court will not disturb the order." (Weitz v. Yankosky, 63 Cal.2d 849, 854 [48 Cal. Rptr. 620, 409 P.2d 700].)
(2) Equity will relieve a party from the effect of a judgment where he was prevented by extrinsic surprise or mistake from presenting his case, provided he was not guilty of inexcusable negligence or lack of diligence in seeking relief. (Weitz v. Yankosky, supra, 63 Cal.2d 849, 855; Shields *301 v. Siegel, 246 Cal. App.2d 334, 337 [54 Cal. Rptr. 577]; Corey v. Weerts, 214 Cal. App.2d 416, 422 [29 Cal. Rptr. 533].) (3) Relief may be given in the action in which the judgment was entered in the exercise of the court's equitable jurisdiction or under the authority statutorily conferred by section 473 of the Code of Civil Procedure. (Weitz v. Yankosky, supra, 63 Cal.2d 849, 855.) (4) As a general rule the accident or mistake authorizing relief may not be predicated upon the neglect of the party's attorney unless shown to be excusable (Benjamin v. Dalmo Mfg. Co., 31 Cal.2d 523, 532 [190 P.2d 593]; City etc. of San Francisco v. Carraro, 220 Cal. App.2d 509, 530 [33 Cal. Rptr. 696]; Woods v. Stallworth, 177 Cal. App.2d 517, 520 [2 Cal. Rptr. 250]; cf. Rambush v. Rambush, 267 Cal. App.2d 734, 744 [73 Cal. Rptr. 268]), because the negligence of the attorney in the premises is imputed to his client and may not be offered by the latter as a basis for relief. (Alferitz v. Cahen, 145 Cal. 397, 400 [78 P. 878]; Smith v. Tunstead, 56 Cal. 175, 177; Wyoming Pacific Oil Co. v. Preston, 171 Cal. App.2d 735, 749 [341 P.2d 732].) (5) However, excepted from the rule are those instances where the attorney's neglect is of that extreme degree amounting to positive misconduct, and the person seeking relief is relatively free from negligence. (Orange Empire Nat. Bank v. Kirk, 259 Cal. App.2d 347, 353 [66 Cal. Rptr. 240]; Daley v. County of Butte, 227 Cal. App.2d 380, 391 [38 Cal. Rptr. 693]; see also Westinghouse Credit Corp. v. Wolfer, 10 Cal. App.3d 63, 69 [88 Cal. Rptr. 654]; gen. see Palmer v. Moore, 266 Cal. App.2d 134, 141 [71 Cal. Rptr. 801].) The exception is premised upon the concept the attorney's conduct, in effect, obliterates the existence of the attorney-client relationship and for this reason his negligence should not be imputed to the client. (6) In the case at bench the evidence supports a finding, implied in the order granting the motion to vacate, plaintiff's attorney, as shown by his conduct, in effect was not representing them as their attorney, although he purported to do so and they had no reason to believe he would not represent them. His statement he believed plaintiffs had lost interest in the case, which was evidence of his mental attitude, supports the inference he regarded the attorney-client relationship between them to be nonexistent and of his preconceived intention not to act on their behalf. Plaintiffs had not given the attorney any basis for his belief; assumed and were entitled to assume he would represent them as their attorney; and their reliance upon this assumption was not negligence. The attorney's conduct, simulating rejection of the attorney-client relationship without knowledge of the plaintiffs is evidenced not only by his conduct prior to the trial but also by his subsequent conduct when he refused to cooperate with plaintiffs in their attempt to obtain an order vacating the judgment through the services of a substituted attorney. Under these circumstances, the trial court was *302 entitled to conclude the attorney's failure to advise plaintiffs of the date of trial constituted positive misconduct within the exception to the rule heretofore stated, and their failure to attend the trial was the product of extrinsic surprise and mistake without negligence on their part.
Defendant's contention there was no showing the attorney's failure to notify plaintiffs of the date of trial was excusable is irrelevant to the determinative issue heretofore noted.
(7) Plaintiffs' notice of motion to vacate the judgment was not filed until more than five months after entry of judgment. Defendant's contention it was error to grant the motion to vacate because the application therefor was not made within a reasonable time is premised upon the rule stated and applied in Benjamin v. Dalmo Mfg. Co., supra, 31 Cal.2d 523, Woods v. Stallworth, supra, 177 Cal. App.2d 517 and similar decisions. Whether the delay in question was reasonable depends upon the circumstances. Contrary to defendant's claim, plaintiffs explained the reason for the delay. Upon learning the trial had taken place in their absence they immediately contacted their attorney who promised to take action forthwith. They wrote the judge presiding over the trial and received a letter from him advising they had six months within which to move to set aside the judgment and, acting upon this advice, were entitled to believe they might make their application at any time within this six-month period; contacted another attorney who delayed acceptance of employment until paid a retainer which they were unable to pay forthwith but attempted to raise the money through the sale of property; and when attempts were unsuccessful, were able to borrow sufficient money to proceed within the six-month period.
In concluding plaintiffs acted with reasonable diligence under the circumstances, the trial court did not abuse its discretion. (Weitz v. Yankosky, supra, 63 Cal.2d 849, 857-858; Stout v. Bakker, 212 Cal. App.2d 78, 83 [27 Cal. Rptr. 661]; see also Martindale v. Superior Court, 2 Cal.3d 568, 572 [86 Cal. Rptr. 71, 468 P.2d 199]; Lowe v. Thomas, 11 Cal. App.3d 867, 870 [90 Cal. Rptr. 202]; Bailey v. Roberts, 271 Cal. App.2d 282, 287 [76 Cal. Rptr. 572].)
There is no showing defendant was prejudiced by the delay of which she complains other than that incident to a trial of the issues, which is not cause for denying the relief sought. (Palmer v. Moore, supra, 266 Cal. App.2d 134, 141.) (8) Where there is no showing the party opposing the motion to vacate the judgment "`has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight *303 evidence will be required to justify a court in setting aside the default.'" (Benjamin v. Dalmo Mfg. Co., supra, 31 Cal.2d 523, 531.)
The order is affirmed.
Brown (Gerald), P.J., and Ault, J., concurred.