[Civ. No. 55757. Second Dist., Div. Three. July 8, 1980.]

LLOYD CONWAY, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE BEVERLY HILLS
JUDICIAL DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
SECURITY PACIFIC NATIONAL BANK, Real Party in Interest
and Appellant.

COUNSEL

Iverson, Yoakum, Papiano & Hatch, Patrick McAdam and Scott Parks LeTellier for Real Party in Interest and Appellant.

Steven Mitchell Neimand for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**GALE, J.***—The real party in interest herein, appellant Security Pacific National Bank (Bank), appeals from the judgment of the superior court

*Assigned by the Chairperson of the Judicial Council.

granting a writ of mandate commanding the Municipal Court of Beverly Hills Judicial District to vacate and set aside a default judgment taken against petitioner Lloyd Conway (Conway).

## FACTS

The Bank brought suit against Conway in the municipal court. The issues were joined and the matter set for trial on April 13, 1977. On February 8, 1977, Conway was at the office of his attorney Mr. Nungesser (Nungesser) and was then informed that the trial of the matter was set for April 13, 1977. Conway made no attempt thereafter to contact Nungesser and Nungesser attempted several times thereafter to contact Conway by telephone but was unsuccessful.

Conway did not appear on the date of trial. When Nungesser arrived at the courtroom, he waved to a clerk whom he believed knew him and went out to call Conway. No one answered for Conway on the first calendar call and the matter was placed on second call. There was no answer for Conway on second call and the matter was thereafter sent out for proveup as a default. Judgment was entered against Conway and in favor of the Bank on April 29, 1977, for the sum of $4,575.06.

On or about August 23, 1977, Conway filed a notice of motion and motion to vacate the default and set aside the judgment. The motion was denied on September 16, 1977. On October 31, 1977, Conway filed a motion for reconsideration of the order denying the previous motion to vacate the default and set aside the judgment. The motion to reconsider was denied on or about December 2, 1977. On December 27, 1977, Conway filed a petition for writ of mandamus in the Appellate Department of the Superior Court for the County of Los Angeles. Conway filed a notice of appeal, dated January 4, 1978, from the denial of the motion to reconsider. The appeal was also filed in the appellate department of the superior court.

The mandamus proceeding was transferred to a single judge, who was assigned to the appellate department of the superior court, before whom it was heard and by whom judgment was rendered in respect thereto. The petition prayed for a writ of mandate commanding the municipal court to vacate the entry of default and set aside the default judgment taken against Conway. The Bank filed its answer to the petition.

At the time the petition came on to be heard, Conway was in default in respect to his appeal, in that he had not caused the clerk's transcript to be prepared.[1] The court granted the petition and ordered a peremptory writ of mandate to issue. The writ commanded the municipal court to vacate the entry of default and set aside the default judgment taken against Conway. The Bank appeals from the granting of the writ.

The court made findings of fact and conclusions of law and in its conclusions set forth: "2. The existence of a right of appeal from the Municipal Court's decision does not prohibit this Court from granting an extraordinary writ."

## CONTENTIONS

The Bank contends that relief by way of writ of mandate was not available to Conway as Conway had a direct right of appeal from the order denying his motion to set aside the default and vacate the judgment. The Bank urges that by reason of Conway's right to appeal that Conway had a plain, speedy, and adequate remedy at law. The Bank further contends that the conduct of Conway and Nungesser was such that relief from the default was not justified under Code of Civil Procedure section 473 and that the court erred in granting the writ of mandate.

## SUMMARY

The order of the municipal court denying Conway's motion to set aside the default and vacate the judgment taken against him was an appealable order. Conway had a direct right of appeal from the order. Therefore, he had a plain, speedy, and adequate remedy at law and mandamus would not lie. The municipal court had acted by refusing to set aside the default and in doing so exercised its discretion in respect to a question of fact. The municipal court's discretion could not be interfered with by writ of mandate. The superior court erred in redetermining the facts and granting the writ of mandate.

---

[1] At the time of the hearing on the petition for writ of mandamus, counsel for Conway stated to the court that Conway was in default in respect to preparation of the clerk's transcript on appeal. However, the record of the municipal court action, which was used in mandamus proceeding, was for all practical purposes the same as that which would have been prepared for the proceedings on appeal.

### 1. *The Order of the Municipal Court Was an Order that Was Immediately Appealable; Therefore, Conway Had a Plain, Speedy, and Adequate Remedy at Law.*

■ The order of the municipal court denying Conway's motion was appealable. (Code Civ. Proc., § 904.2, subdivision (b); *First Small Business Inv. Co. v. Sistim, Inc.* (1970) 12 Cal.App.3d 645, 648 [90 Cal.Rptr. 798]; *Sanford v. Smith* (1970) 11 Cal.App.3d 991, 998 [90 Cal.Rptr. 256]; *Knudson v. Superior Court* (1968) 267 Cal.App.2d 876, 879 [73 Cal.Rptr. 513].) Conway was in fact aware of his remedy by way of direct appeal and filed a notice of appeal. In its determination, the superior court recognized Conway's right of appeal in its conclusions of law.

■ Mandamus may not be resorted to as a substitute for an adequate legal remedy by appeal. (*Lincoln v. Superior Court* (1943) 22 Cal.2d 304, 311 [139 P.2d 13]; *Andrews v. Police Court* (1943) 21 Cal.2d 479, 480 [133 P.2d 398, 145 A.L.R. 1042]; *Irvine v. Gibson* (1941) 19 Cal.2d 14, 16 [118 P.2d 812]; *McPherson v. City of Los Angeles* (1937) 8 Cal.2d 748, 752 [68 P.2d 707]; *Petaluma etc. Dist. v. Superior Court* (1924) 194 Cal. 183, 184 [228 P.24].) Mandamus is not available where there is a remedy by way of appeal unless petitioner can show some special reason why the remedy afforded by appeal is rendered inadequate by the particular circumstances of the case. (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 370 [217 P.2d 951]; *Lincoln v. Superior Court, supra,* 22 Cal.2d at p. 311.) However, doubts as to whether relief by way of mandamus is warranted should be resolved in favor of denial of review. (*Whitney's at the Beach v. Superior Court* (1970) 3 Cal.App.3d 258, 266 [83 Cal.Rptr. 237].)

The remedy of appeal may be held inadequate where there is no direct appeal from the ruling and the party adversely affected by the ruling would be compelled to proceed through trial and appeal from the final judgment. (*State Farm etc. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13]; *Tide Water Assoc. Oil Co. v. Superior Court* (1955) 43 Cal.2d 815, 820 [279 P.2d 35]; *Providence Baptist Church v. Superior Ct.* (1952) 40 Cal.2d 55, 60 [251 P.2d 10]; *Hollister Canning Co. v. Superior Court* (1972) 26 Cal.App.3d 186, 193 [102 Cal.Rptr. 713]; *State of California v. Superior Court* (1968) 263 Cal. App.2d 396, 398 [69 Cal.Rptr. 683]; *National Union Fire Ins. Co. v. Superior Court* (1967) 252 Cal.App.2d 568, 573-574 [55 Cal.Rptr.

574].) In such matters the inadequacy of the appeal as a remedy arises from the fact that the right of appeal is not immediate, i.e., the appeal must wait the outcome of the trial. Where the right of appeal is not immediate the delay and the expense of trial might in many instances involve great prejudice. In such situations the trial, or a retrial, may be avoided by issuance of the writ of mandate.

### 2. *Mandamus Will Not Lie to Force the Municipal Court to Exercise Its Discretion in a Particular Manner.*

■ A court may be compelled to act jurisdictionally, but having acted, mandamus will not lie to control its exercise of discretion, i.e., it will not lie to force an exercise of discretion in a particular manner. (*Lincoln v. Superior Court, supra*, 22 Cal.2d at p. 313; *O'Bryan v. Superior Court* (1941) 18 Cal.2d 490, 496 [116 Cal.Rptr. 49, 136 A.L.R. 595]; *Hilmer v. Superior Court* (1934) 220 Cal. 71, 73 [29 P.2d 175].)

In considering the effect of mandamus and in holding that the trial court had no discretion to overrule petitioner's demurrer, the court in *Babb v. Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379], stated: "Although it is well established that mandamus cannot be issued to control a court's discretion, in *unusual circumstances* the writ will lie where, under the facts, *that discretion* can be *exercised in only one way.* [Citation.]" (Italics added.) The court continued by making it clear that it employed the use of prerogative writs to review rulings on pleadings "with extreme reluctance" and in most cases the rulings on such interim orders are to be reviewed on appeal from the final judgment. (*Ibid.*; see also *Burrus v. Municipal Court* (1973) 36 Cal.App.3d 233, 236 [111 Cal.Rptr. 539].)

### 3. *The Municipal Court Properly Exercised Its Discretion in Refusing to Set Aside Conway's Default.*

■ The judge of the municipal court had discretionary power to set aside the default under the remedial provisions of Code of Civil Procedure section 473. The municipal court judge's exercise of such discretion could not be disturbed unless there was a clear showing of abuse. (*McNeil v. Blumenthal* (1938) 11 Cal.2d 566, 567 [81 P.2d 566]; *Fidelity Fed. Sav. & Loan Assn. v. Long* (1959) 175 Cal.App.2d 149, 152 [345 P.2d 568]; *Tearney v. Riddle* (1944) 64 Cal.App.2d 783,

787 [149 P.2d 387].) The moving party, Conway, had the burden of proving he was entitled to the relief. (*Northridge Financial Corp.* v. *Hamblin* (1975) 48 Cal.App.3d 819, 822 [122 Cal.Rptr. 109].)

■ Neither mistake, inadvertence, or neglect will warrant relief unless upon consideration of all of the evidence it is found to be of the excusable variety. (*Ford* v. *Herndon* (1976) 62 Cal.App.3d 492, 496 [133 Cal.Rptr. 111]; *Elms* v. *Elms* (1946) 72 Cal.App.2d 508, 513 [52 P.2d 223, 102 A.L.R. 811]; *Hughes* v. *Wright* (1944) 64 Cal.App.2d 897 [149 P.2d 392].) To entitle Conway to relief the acts which brought about the default must have been the acts of a reasonably prudent person under the same circumstances. (*Elms* v. *Elms, supra*, 72 Cal.App.2d at p. 513; see also *McGuire* v. *Drew* (1890) 83 Cal. 225 [23 P. 312].) ■ The credibility of the persons executing the declarations and the weight to be given their contents was for the municipal court. (*Sheehan* v. *Osborn* (1903) 138 Cal. 512, 515-516 [71 P. 622]; *Fidelity Fed. Sav. & Loan Assn.* v. *Long, supra*, 175 Cal.App.2d at p. 153.)

■ Where a party's failure to appear is the result of the neglect of his attorney, the party is charged with the neglect. (*Wyoming Pacific Oil Co.* v. *Preston* (1959) 171 Cal.App.2d 735, 749-750 [341 P.2d 732]; *United States* v. *Duesdieker* (1931) 118 Cal.App. 723, 725-726 [5 P.2d 916].) Likewise, where an attorney made the mistake of assuming that he could prevent a trial by calling the clerk and requesting that the case be taken off calendar, and as a result the complaint was dismissed as to the defendants and judgment entered on the cross-complaint, the mistake was held not to be excusable and was imputed to the client. (*Woods* v. *Stallworth* (1960) 177 Cal.App.2d 517, 520 [2 Cal.Rptr. 250].)

Conway had the burden of showing that the neglect that led to his default was excusable. Conway failed to sustain his burden; he merely showed the combined neglect of himself and his prior counsel with no excuse therefor.

### 4. *The Neglect of Counsel Is Imputed to Conway.*

■ The superior court concluded that Mr. Nungesser's conduct could not be imputed to Conway. Such a conclusion is not supported by either the findings, the facts of the case, or the law.

Where the claimed mistake or neglect arises from the conduct of the party's attorney, the general rule is that such conduct must be shown to be of the excusable variety otherwise the default will not be set aside. (*City etc. of San Francisco* v. *Carraro* (1963) 220 Cal.App.2d 509, 530 [33 Cal.Rptr. 696]; *Woods* v. *Stallworth, supra,* 177 Cal. App.2d 517, 520; cf. *Rambush* v. *Rambush* (1968) 267 Cal.App.2d 734, 744 [73 Cal.Rptr. 268].) The reason is that the negligence of the attorney is imputed to the client who is bound by the attorney's errors and omissions. (*Alferitz* v. *Cahen* (1904) 145 Cal. 397, 400 [78 P. 878]; *Smith* v. *Tunstead* (1880) 56 Cal. 175, 177; *Wyoming Pacific Oil Co.* v. *Preston, supra,* 171 Cal.App.2d 735, 749.) An exception to the rule exists "where the attorney's neglect is of that extreme degree amounting to positive misconduct, and the person seeking relief is relatively free from negligence. [Citations.]" (*Buckert* v. *Briggs* (1971) 15 Cal.App.3d 296, 301 [93 Cal.Rptr. 61]; *Orange Empire Nat. Bank* v. *Kirk* (1968) 259 Cal.App.2d 347, 353 [66 Cal.Rptr. 240]; *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 391 [38 Cal.Rptr. 693].)

The facts of the matter at bench do not fall within such exception. Conway and Nungesser were each negligent. Conway failed to appear at the trial and Nungesser absented himself from the courtroom in an attempt to contact Conway by telephone. Conway was given the trial date and did not show sufficient interest to contact Nungesser to obtain the time and place of trial when he did not hear further from him. Nungesser attempted to make further contact by phone with Conway, prior to trial, and when he was unsuccessful, he failed to write Conway. The courts do not act as guardians for those who are grossly careless with their affairs. (*Luz* v. *Lopes* (1960) 55 Cal.2d 54, 62 [10 Cal.Rptr. 161, 358 P.2d 289]; *Elms* v. *Elms, supra,* 72 Cal.App.2d 508, 513.)

In *Buckert* v. *Briggs, supra,* 15 Cal.App.3d 296, 301, and *Daley* v. *County of Butte, supra,* 227 Cal.App.2d 380, 391, the actions of counsel that resulted in "positive misconduct" were such that counsel had effectively abandoned their clients and rejected the attorney-client relationship. In *Buckert* v. *Briggs, supra,* the court stated: "The exception is premised upon the concept the attorney's conduct, in effect, obliterates the existence of the attorney-client relationship and for this reason his negligence should not be imputed to the client." (*Id.* at p. 301.)

In the matter at bench, Nungesser continued his efforts to represent Conway and the attorney-client relationship remained intact. The prob-

lem arose from Conway's failure to appear in court which was the result of the combined negligence of Conway and Nungesser.

5. *Conway Failed to Set Forth an Excuse for His Delay in Seeking Relief.*

■ Code of Civil Procedure section 473 provides that a motion to set aside a default must be made "within a reasonable time" not exceeding six months after the judgment, order or proceeding. Conway delayed 4 months and 10 days after the default and judgment were taken against him before seeking relief. At the time he sought to have the judgment and default set aside, Conway failed to set forth any reason for such delay.

Absent an explanation of the delay in bringing his motion to set aside the default, the court could not excuse and set the default aside as it was not empowered to dispense with the "reasonable time" requirement. (*Benjamin* v. *Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 532 [190 Cal.Rptr. 593]; *Glougie* v. *Glougie* (1916) 174 Cal. 126, 131 [162 P. 118] [10-week delay]; *Woods* v. *Stallworth, supra*, 177 Cal.App.2d 517, 521.) The record is without evidence that would justify the setting aside of the judgment or default.

6. *The Matter at Bench Was Improperly Handled as an Expedited Appeal.*

■ The superior court found "that the problem of increasingly stale evidence, coupled with the higher costs and substantial further delay entailed in correcting the lower court's decision by appeal, justifies prompt relief by way of extraordinary writ." Such a finding involves circumstances found in every appeal. If such circumstances were to constitute a proper ground for considering an extraordinary writ, the appellate process would soon be eroded.

Article VI, section 11, of the California Constitution gives the superior court appellate jurisdiction in respect to the municipal and justice courts. Code of Civil Procedure section 77 provides for the composition and function of the appellate department of the superior court.[2] Section

---

[2]It has been held that the appellate department of the superior court and the superior court are separate entities with the appellate department having limited jurisdiction that relates to appeals and the superior court having original jurisdiction in respect to extraordinary writs which the appellate department is precluded from exercising. (*Peo-*

77 subdivision (f) provides that "The concurrence of two judges... shall be necessary to render the decision in every case...."

If the matter at bench was to be heard, it should have been heard as an appeal to the appellate department of the superior court. In such a hearing, the decision would have been concurred in by two of its judges.

In an appellate review, the court would have been required to uphold the municipal court's determination if it was supported by substantial evidence. (See *Adcock v. Board of Education* (1973) 10 Cal.3d 60, 66 [109 Cal.Rptr. 676, 513 P.2d 900]; *Bekiaris v. Board of Education* (1972) 6 Cal.3d 575, 593 [100 Cal.Rptr. 16, 493 P.2d 480]; *Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 779 [97 Cal.Rptr. 657, 489 P.2d 537].) Appellant did not receive the benefit of such a review; instead the matter was heard before a single judge and the issues of fact were redetermined and incomplete findings of fact made that were favorable to Conway. Such a determination was clearly beyond the superior court's jurisdiction. (See *Lincoln v. Superior Court, supra,* 22 Cal.2d 304, 313.)

Article VI, section 10, of the California Constitution grants original jurisdiction in proceedings for extraordinary writs to the Supreme Court, Courts of Appeal, and the superior courts. Article VI, section 11, grants the Courts of Appeal appellate jurisdiction where the superior court has original jurisdiction and grants the superior court appellate jurisdiction in respect to the municipal and justice courts. The policy behind these provisions is, that except in extraordinary circumstances, litigation arising in the municipal and justice courts should not go beyond the appellate department of the superior court. (*Burrus v. Municipal Court, supra,* 36 Cal.App.3d 233, 238-239.)

In the present matter such policy was ignored and subverted. The normal course, which would have resulted in a final decision by the appellate department of the superior court, was altered to an appealable decision of the superior court.

The extended litigation in the matter at bench exemplifies the delay and expense that can arise when the policy is ignored.

---

ple v. *Allenthorp* (1966) 64 Cal.2d 679 [51 Cal.Rptr. 244, 414 P.2d 372]; *Thomasian v. Superior Court* (1953) 122 Cal.App.2d 322, 330-332 [265 P.2d 165].)

The judgment of the superior court ordering and decreeing that a peremptory writ of mandate issue commanding the Municipal Court of the Beverly Hills Judicial District to vacate and set aside the default judgment against Lloyd Conway in case number 86678 is reversed and ordered vacated.

Klein, P. J., and Potter, J., concurred.